### ALBERT BENNETT v. THE STATE.

*No. 2748.   Decided January 22.*

**Theft—Charge of the Court—Fact Case.**—Article 738 of the Penal Code provides: "If property, taken under such circumstances as to constitute theft, be voluntarily returned within a reasonable time, and before any prosecution is commenced therefor, the punishment shall be by fine not exceeding one thousand dollars." If the evidence on a trial for theft shows such a return of the stolen property to the owner, the failure of the trial court to give the provisions of the said article in charge to the jury is fundamental error. But see the opinion for the substance of evidence *held* in any event insufficient to support a conviction for theft.

APPEAL from the District Court of San Saba. Tried below before Hon. A. W. Moursund.

The opinion discloses the nature of the case. The penalty assessed against the appellant was a term of two years in the penitentiary.

*Leigh Burleson*, for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WILLSON, JUDGE.—"If property, taken under such circumstances as to constitute theft, be voluntarily returned within a reasonable time, and before any prosecution is commenced therefor, the punishment shall be by fine not exceeding one thousand dollars." Penal Code., art. 738.

It appeared from the evidence that a few days after the defendant discovered that the cow in question was claimed by Sanderson, the owner, and before any prosecution had been commenced for the theft of said cow, he returned said cow into said Sanderson's possession. This being the evidence, the above quoted provision of the code was a part of the law of the case, and it was the imperative duty of the judge to give it in charge to the jury, whether requested or not by the defendant. Anderson v. The State, 25 Texas Ct. App., 593; Guest v. The State, 24 Texas Ct. App., 530; Willson's Crim. Stats., sec. 1287. Such charge was not given, and the failure to give it vitiates the conviction.

We will say further that we could not permit this conviction to stand had such charge been given, because in our judgment it is not warranted by the evidence. There was no *actual* taking of the cow by defendant.

He sold cattle in the same mark and brand of said cow, which cattle were gathered from the range by the person to whom he sold, and among those so gathered was the cow in question. Defendant did not see the cow or know that she had been taken until he learned that Sanderson claimed her, and when he learned that it was Sanderson's cow he returned her to him. It is apparent to our minds from the evidence before us that the cow was taken through mistake, and that the defendant did not fraudulently take her, nor fraudulently cause her to be taken. A new trial should have been granted the defendant because the verdict was not supported by but was contrary to the evidence.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Hurt, J., absent.